IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JACQUELYN A. McFARLAND,

      Plaintiff,

v.                                                                                    No. CIV 02-1132 BB/LCS

AAR AIRCRAFT SERVICES-ROSWELL, a
division of AAR Aircraft Services, Inc., and
BUCK CANTERBURY,

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING REMAND

THIS MATTER is before the Court on Plaintiff's motion for remand (Doc. 2), and the Court having considered the briefs of counsel and entertained oral argument, finds the motion should be Denied.

### *Discussion*

#### *Legal Standard*

Plaintiff filed this complaint for "Wilful Injury and Battery" in state court on May 22, 2002. She sought compensatory and punitive damages against Defendant AAR Aircraft Services ("AAR") and two of its employees, Victor Gutierrez and Buck Canterbury. Following New Mexico practice, no dollar amount of damages was stated. *See SCRA 1-008*. AAR was served on June 18 and Canterbury was served on June 27,

2002. Both answered on July 17, 2002. On July 17, Canterbury also sent out Interrogatories, Requests for Admission, and Request for Production of Documents. Request for Admission number 1 reads:

> Admit that Plaintiff's claims for damages alleged in her Complaint exceeds $75,000 exclusive of interest and costs.

Plaintiff checked the "Admit" line.

Defendant's second request for admission reads:

> Admit that Plaintiff's claims for damages for injuries alleged in her Complaint will in no event exceed $75,000 exclusive of interest and costs.

Consistent with her first response, Plaintiff checked "Denied."

*Discussion*

Federal courts have a limited and narrowly defined civil jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Any action over which the federal court has original jurisdiction may be removed but there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Consequently, removal statutes are construed narrowly and uncertainties are generally resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Since Defendant Canterbury is invoking diversity jurisdiction, he has the burden of establishing the requirements for diversity jurisdiction. *Id.* As Plaintiff's complaint

does not allege determinate damages, Defendant's burden on the jurisdictional amount is one of preponderance of the evidence.  *Martin*, 251 F.3d at 1290; *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)

### *Time for Removal*

"The petition for removal of a civil action ... shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action ... is based, or within thirty days after ... the case ... has become removable."  28 U.S.C. § 1446(b).  An untimely removal notice, or any failure to comply with the requirements of § 1446(b) constitutes a defect in removal procedure.  *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).  Plaintiff correctly maintains Canterbury failed to remove within thirty days of his receipt of the complaint.

In order to prevail on removal, then, Defendant Canterbury must be able to establish he removed within thirty days after Plaintiff's claim met the jurisdictional amount.  The thirty days does not begin to run until the defendant can reasonably conclude the amount in controversy is in excess of the jurisdictional amount requirement.  *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751 (M.D. La. 1993); *Syme v. Rowton*, 555 F. Supp. 33 (D. Mont. 1982).  When the jurisdictional amount is not clear in the complaint, the party seeking to prove jurisdictional amount typically seeks to establish the same by stipulation or admission.  *Johnson v. Dillard Dep't Stores*, 836 F. Supp. 390, 394 (N.D. Tex. 1993).

**It is significant in this case that Defendant Canterbury sent these Requests for Admission clearly within the thirty days of service. This clearly supports his belief that the jurisdictional amount was not reasonably clear in the complaint. When a missing element needed to establish federal jurisdiction is later provided by a "pleading, motion or other paper," the time for removal begins from its receipt by the defendant. 28 U.S.C. § 1446(b).** *Theis v. El Feuix Corp.*, **748 F. Supp. 810 (W.D. Okla. 1990). A clear affirmative response to a Request for Admission regarding jurisdictional amount will trigger the time for removal.** *Theis; Bonnell v. Seaboard Air Line R.R. Co.*, **202 F. Supp. 53 (N.D. Fla. 1962).**

**Plaintiff argues Defendant, and by extension the Court, did not need the admission but should have been able to see from the description of Plaintiff's injuries in the complaint that jurisdictional amount was established.[1] Plaintiff is originally described as "injured when a Boeing 747 fell from two jacks crushing her arm." (Compl. ¶ 4). This indeed sounds serious. However, the substitute for the traditional ad damnum clause in the complaint is much more vague:**

> **Plaintiff's injuries and resulting disabilities include damages for pain and suffering, loss of physical ability to do the aircraft mechanical work, interruption of school, and impaired function of plaintiff's body. These physical, emotional, and economic damages are believed to be permanent.**

---

[1] The Court must do this strictly on the language of the complaint without reliance on outside evidence. *Gibson v. Jeffers*, 478 F.2d 216 (10th Cir. 1973).

4

(Compl. ¶ 11). Other than requesting punitives because Defendants "wilfully endangered plaintiff's life and limb," the complaint contains no further discussion of injury or damage. Such general factual statements in a complaint which does not specifically seek an amount in excess of $75,000 do not start the 30-day removal clock. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Chapman v. Powermate, Inc.*, 969 F.2d 160 (5th Cir. 1992). Defendants' removal, within thirty days of Plaintiff's clear admission of jurisdictional amount, is therefore timely.

### *Joinder of All Defendants*

Plaintiff next maintains "the failure to join all of the defendants in the removal petition [is] a fatal defect necessitating remand." (Pl. Reply p. 6). While not named in the Petition, Canterbury's employer, AAR, subsequently filed a consent to, and joinder in, the notice of removal. The other Defendant named in the Complaint, Victor Gutierrez, was dismissed prior to removal.

While 28 U.S.C. § 1446 does require all defendants served at the time of filing join in the removal petition, it is a procedural, not a jurisdictional, requirement. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). When a co-defendant has informally indicated its assent to removal, formal concurrence may be filed after the Petition. *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998). Whether such concurrence may be filed, as in the present case, beyond the thirty-day time prescribed for removal is a closer question. *Compare*

*McMahon* and *Parrino* with *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992); *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940 (M.D. Fla. 1993); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434 (W.D. Va. 1990).  The only published Tenth Circuit authority, *Cornwall*, affirmed attorney's fees where one defendant removed absent the consent, and apparently contrary to the wishes, of another defendant.  The Circuit did, however, recognize the petition was only "procedurally defective."  654 F.2d at 686.  It would seem therefore the Tenth Circuit is likely to follow the *McMahon* and *Parrino* precedent especially since the Supreme Court's decision in *Caterpillar v. Lewis*, 519 U.S. 61 (1996), can be seen to undercut the rationale supporting the *Doe* line of cases.  16 MOORE'S FEDERAL PRACTICE § 107.11[1][c] p. 107-33.  Given the fact AAR Aircraft, the non-moving defendant, is Canterbury's employer, represented by the same attorneys and subsequently expressed its consent, justice would seem to require a finding that the procedural defect was cured by that consent.

## O R D E R

For the above stated reasons, Plaintiff's motion to remand is DENIED.

Dated at Albuquerque this 11th day of December, 2002.

_____
**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**

    Tandy Hunt, Loralee Hunt, Roswell, NM

**For Defendant:**

    Albert L. Pitts, Joel M. Carson III, HINKLE SHANOR & MARTIN, Roswell, NM
    Michale G. McQuillen, Mark S. Susina, Austin W. Bartlett, ADLER MURPHY & MCQUILLEN, Chicago, IL